UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JOHNSON, | ) Case No.  CV 11-1263 DOC (MRW) |
| Petitioner, | ) |
| | ) ORDER DISMISSING ACTION |
| vs. | ) |
| NORTH KERN STATE PRISON, | ) |
| Respondent. | ) |

The Court dismisses Petitioner's defective habeas action for failure to exhaust state court remedies.

Petitioner filed his federal habeas action in August 2011.  According to the Petition and the First Amended Petition, Petitioner pled guilty in state court to drug possession and driving under the influence charges.  He received a three-year prison term for his convictions.

Petitioner acknowledged in his Petition that he did not appeal his conviction or sentence in state court.  He also did not seek habeas review in any state court. (Docket # 1 at 5.)  Rather, after his July 2011 sentencing, he immediately filed his habeas petition in federal court.

The Court screened the petition shortly after filing. Magistrate Judge Wilner determined that the petition was defective because Petitioner did not attempt to exhaust his claims in state court. (Docket # 3.) The Court ordered Petitioner to show cause why the action should not be dismissed for failure to exhaust state remedies. The Court instructed Petitioner to file a memorandum explaining why he believed he was entitled to seek federal relief. Alternatively, the Court advised Petitioner that he could voluntarily dismiss his unexhausted petition.

Instead, Petitioner filed a First Amended Petition using a state court habeas form. The First Amended Petition reiterated that Petitioner had recently been sentenced in state court, and continued to acknowledge that he has not exhausted his appellate review in state court before coming to federal court. However, the First Amended Petition now notes a pending criminal appeal in state court.[1] (Docket # 5 at 6.)

* * *

A prisoner must exhaust all claims as a prerequisite to federal court consideration of a habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A). Petitioner must fairly present those claims to the state's highest court. Rose v. Lundy, 455 U.S. 509 (1982). A claim has not been fairly presented unless the prisoner describes in the state court proceedings both the operative facts and federal legal theory on which his claim is based. Duncan v. Henry, 513 U.S. 364, 370 (1995). Petitioner bears the burden of demonstrating this prerequisite has been met. Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972).

---

[1] The Court confirmed the filing of a notice of appeal in the state court via the California Appellate Courts website.

1    In this case, the Court informed Petitioner that his federal habeas petition
2 consists of entirely unexhausted claims. Petitioner has not met his burden of
3 showing that he exhausted his state court rights before he commenced this federal
4 habeas action as required by statute. Although Petitioner may currently have an
5 appeal pending in state court, that is insufficient to satisfy the exhaustion
6 requirement under federal law. Petitioner's wholly unexhausted petition is
7 therefore subject to dismissal.
8    The Court therefore orders that the case be DISMISSED without prejudice
9 for the reasons stated above.
10    IT IS SO ORDERED.

12 DATED: September 27, 2011

13                                         _____
14                                         DAVID O. CARTER
                                           UNITED STATES DISTRICT JUDGE

16 Presented by:

18 _____
19 MICHAEL R. WILNER
   UNITED STATES MAGISTRATE JUDGE